UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

**UPSTATE NEW YORK CARPENTERS PENSION,
HEALTH & ANNUITY FUNDS, by Earl Hall and Gary
Toth as Trustees; EMPIRE STATE CARPENTERS
APPRENTICESHIP COMMITTEE by John J. Fuchs and
Joseph Olivieri, as Trustees; and EMPIRE STATE
REGIONAL COUNCIL OF THE UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS OF
AMERICA, REGION 3, CARPENTERS LOCAL NO. 747,
by Gary Toth, as Senior Council Representative,**

                                 **Plaintiffs,**

                    **-v-**                                                          **05-CV-1536**

**BGA CONSTRUCTION, INC. and BENJAMIN GAUDIOSI,
individually,**

                                 **Defendants.**

◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

APPEARANCES:

Meyer, Suozzi, English & Klein
Anthony Lumia, Esq., of Counsel
John H. Byington, III, Esq., of Counsel
425 Broadhollow Road, Suite 405
P.O. Box 9064
Melville, New York 11747
Attorneys for Plaintiffs

Smith, Sovik, Kendrick & Sugnet, P.C.
Gabrielle M. Hope, Esq., of Counsel
250 South Clinton Street, Suite 600
Syracuse, New York 13202-1252
Attorneys for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER

      This is an action for breach of contract in violation of the Employee Retirement Income

Security Act, 29 U.S.C. § 1001, *et seq.*, and the Labor Management Relations Act, 29 U.S.C. §

141, *et seq*. Presently before the Court are two motions: (1) a motion by plaintiffs (Dkt. No. 20) for default judgment against both defendants; and (2) a motion by defendants' counsel (Dkt. No. 21) to withdraw as attorney of record for defendants.

By Order dated October 5, 2006 (Dkt. No. 15), United States Magistrate Judge George H. Lowe ordered as follows:

> ORDERED, that defendants shall, within forty five (45) days of the date of this Order, either (i) effect a substitution of counsel, replacing their present counsel of record, Smith, Sovik, Kendrick & Sugnet, P.C., Gabrielle M. Hope, Esq., ("defense counsel"), with a notice of appearance filed by substitute counsel by that date, and defendants' answer to plaintiffs' complaint filed within sixty (60) days after the date of this Order, no extensions permitted absent an extraordinary, compelling basis established by sworn affidavit, or (ii) provide to defense counsel its financial, tax and related records, as reasonably requested by defense counsel, for the purpose of attempting to demonstrate to plaintiffs the financial condition of the defendants in connection with ongoing settlement discussions as reported by counsel for the parties, and that the defendants' failure to comply with the foregoing will result in immediate entry of default judgment upon plaintiffs' application to the Court.

Defendants neither effected a substitution of counsel nor did they answer the complaint.

On January 12, 2007, the Clerk entered default against defendants (Dkt. No. 19). On March 5, 2007, plaintiffs moved for default judgment (Dkt. No. 20). Plaintiffs have submitted proof in evidentiary form supporting the relief sought.

On April 2, 2007, defendants' counsel moved (Dkt. No. 21) to withdraw as attorney for defendants. By affidavit, defendants' counsel establishes service by mail upon defendants at the addresses designated by defendants for that purpose. Defendants' counsel submits an affidavit setting forth the reasons for making the motion. Counsel has demonstrated that it is entitled to the relief requested.

It is therefore

ORDERED that the motion (Dkt. No. 20) by plaintiffs for default judgment is granted and plaintiffs are awarded the following relief:

- An award of attorneys' fees and costs totaling $7,180.33 against defendants, jointly and severally;

- An award of damages against defendant Benjamin Gaudiosi for $42,819.23 as of March 1, 2007, comprising the unpaid contributions, interest and liquidated damages payable to the Upstate New York Carpenters Pension, Health & Annuity Funds($35,638.90), plus the attorneys' fees and costs of the action ($7,180.33) (as awarded above), with additional interest and "double interest" liquidated damages of $14.72 per day to be added thereon beginning March 1, 2007 to the date judgment is entered in the action; and

- An award of damages against defendant BGA Construction, Inc. for $42,819.23 as of March 1, 2007, comprising the unpaid contributions, interest and liquidated damages payable to the Upstate New York Carpenters Pension, Health & Annuity Funds ($35,638.90), plus the attorneys' fees and costs of the action ($7,180.33) (as awarded above), plus the additional unpaid Empire State Carpenters Apprenticeship Committee contributions, dues and UBC/IAF deductions, with interest and liquidated damages thereon (totaling $6,477.01), amounting in all to $49,296.24 in damages recoverable defendant BGA as of March 1, 2007, with additional interest and "double interest" liquidated damages of $15.56 per day ($14.72 per diem for the Upstate New York Carpenters Pension, Health & Annuity Funds; $ .09 per diem for the Empire State Carpenters Apprenticeship Committee; $ .75 per diem for hourly dues deductions and the UBC/IAF Funds) to be added thereon beginning March 1, 2007 to the date of entry of judgment;

and it is further

ORDERED that the motion (Dkt. No. 21) by Smith, Sovik, Kendrick & Sugnet, P.C., Gabrielle M. Hope, Esq., of Counsel, to be relieved from representation of defendants is granted.

IT IS SO ORDERED.

June 29, 2007
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge